IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-CV-01287-MSK-MJW

JOHN DOE,
JANE DOE,
Y.C. by her parents and next friends,
E.C. by her parents and next friends,
E.S.C. by his parents and next friends, and
J.C. by his parents and next friends,

   Plaintiffs,
v.

JOANNA MCAFEE, El Paso County Department of Human Services intake caseworker, individually, and as an agent, employee, and representative of El Paso County,
KATHY TREMAINE, El Paso County Department of Human Services caseworker, individually, and as an agent, employee, and representative of El Paso County,
PATSY HOOVER, El Paso County Department of Human Services supervisor, individually, and as an agent, employee, and representative of El Paso County,
LISA LITTLE, SUPERVISOR OF THE DAY, El Paso County Department of Human Services supervisor, individually, and as an agent, employee, and representative of El Paso County,
RICHARD BENGTSSON, Executive Director, El Paso County Department of Human Services, individually, and as an agent, employee, and representative of El Paso County,
JEFF GREENE, County Administrator over El Paso County Department of Human Services, individually, and as an agent, employee, and representative of El Paso County,

JOEY HARRIS, Officer, El Paso County Sheriff's Office, individually, and as an agent, employee, and representative of El Paso County,
JON PRICE, Officer, El Paso County Sheriff's Office, individually, and as an agent, employee, and representative of El Paso County,
BENJAMIN DEARMONT, Supervisor, El Paso County Sheriff's Office, individually, and as an agent, employee, and representative of El Paso County,
MITCHELL MIHALKO, Officer, El Paso County Sheriff's Office, individually, and as an agent, employee, and representative of El Paso County,

EL PASO COUNTY BOARD OF COUNTY COMMISSIONERS,
EL PASO COUNTY,

JONATHAN HUDSON, Officer, Monument Police Department, individually,
ANDREW ROMANO, Officer, Monument Police Department, individually,

   Defendants,

# ⁺ PROTECTIVE ORDER [Docket No 28-1]

This matter comes before the Court on the Plaintiffs' Stipulated Motion for Entry of Protective Order pursuant to Fed. R. Civ. P. 26(c). Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of Confidential information, which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS SO ORDERED:

1. This Protective Order is intended to protect the identity of the minor children in this litigation, and by extension, the identity of their parents. Information designated "Confidential" shall be information that is Confidential and implicates common law and statutory privacy interests of the Plaintiffs and Defendants in this matter, particularly information that might identify the identity of the minor children in this case, either directly, or through identifying their parents.

2. This Protective Order shall apply to all Confidential Information in documents, materials, case files, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed (or already in possession of the parties), pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure. It shall also apply to any Confidential Information copied or extracted from these documents and materials and any testimony, conversations, or presentations referring to these materials. Finally, it

shall apply to any information otherwise lawfully obtained from other sources, that relates to this litigation.

3. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). The term "document" includes any medium by which information is recorded, stored, communicated, or utilized by people or computers.

4. This Protective Order applies to all proceedings in this case, including arbitration, mediation, or settlement conference. The requirements and procedures set forth in this Protective Order do not affect the right of any party: (1) to move the Court to modify this Order; (2) to apply to the Court for additional protective relief; (3) to object to requests for the production of material; and (4) to apply to the Court for an order compelling responses or further responses to discovery requests. By agreeing to the entry of this Protective Order, the parties have adopted no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any privilege, objection, claim or defense in this action.

5. Any information designated by a party ("Designating Party") as Confidential Information must be reviewed by counsel, who will certify that the designation of Confidential Information is based on a good faith belief that the information is Confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c). The Designating Party will take care to designate for protection only those parts of materials that qualify as Confidential Information. If it comes to a Designating Party's attention that material

designated does not qualify for protection, it must promptly notify all other parties that it is withdrawing the designation.

6. Confidential Information shall not, without the consent of the Designating Party or further Order of the Court, be disclosed, except that such Confidential Information may be disclosed to:

    a. Attorneys actively working on this case;

    b. Persons regularly employed or associated with the attorneys actively working on the case, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. The parties and designated representatives for the entity defendants;

    d. Expert witnesses and consultants retained in connection with this proceedings, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    e. The Court and its employees ("Court Personnel");

    f. Mediators, arbitrators, or special masters involved in any portion of this matter;

    g. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    h. Deponents, witnesses, or potential witnesses; and

    i. Other persons by written agreement of the parties.

7. Prior to disclosing any Confidential Information to any person listed above (other than the parties and their representatives, counsel, persons employed by counsel, and Court

Personnel), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated.

8. Where Confidential Information is produced, provided, or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

    a. By imprinting the word "Confidential" on the first page or cover of any document produced (in a manner that will not interfere with legibility), as well as on each page that contains protected material;

    b. By imprinting the word "Confidential" next to or above any response to a discovery request; by identifying information as "Confidential" in any response to a discovery request (in a manner that will not interfere with legibility);

    c. By designating ESI as "Confidential" in an accompanying written communication.

    d. By notifying any party that has produced material that should thenceforth be treated as "Confidential", within one week of receiving the Confidential Information from that party.

9. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protect Order.

    a. If Confidential Information is to be discussed or disclosed during a deposition, the Designating Party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be discussed, any person not entitled under this Protective Order to receive the Confidential Information.

    b. Confidential Information shall be designated on the record during the deposition whenever possible, but a Designating Party may designate portions of the depositions as Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. A transcript will be presumptively treated as Confidential Information until this thirty (30) day period has expired.

10. Any person who inadvertently fails to identify Confidential Information shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall, upon receipt of the substitute documents, return or destroy the improperly-designated documents.

11. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. If the parties cannot resolve the objection, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion within fourteen (14) days after the time the notice is received, requesting that the Court determine whether the disputed

information should be subject to the terms of this Protective Order. If the motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of the Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within fourteen (14) days, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its Confidential status as between the parties through such use.

   a. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will be accepted for filing under "restricted access" or otherwise kept out of the public record in this action by court order issued upon motion of the party seeking to file the documents under restricted access. Any motion requesting leave to file the documents under restricted access shall comply with the requirements of D.C.COLO.LCivR 7.2.

   b. Any party preparing to use Confidential Information in a court filing, or attached as an exhibit to a court filing, shall notify the Designating Party of its intent to do so. It may notify the Designating Party of its intent either to file under seal, or to redact the Confidential Information.

    c. If the Designating Party determines that it is not necessary for the filing to be under seal, it shall notify the other party. However, in the event that the Designating Party determines that the filing must be either redacted or filed under seal, then the other party shall either make redactions or file under Restricted Access in accordance with the applicable rules and procedures for filing Document Restriction Level 1 materials under D.C.COLO.LCivR 7.2.D. and Colo. ECF Civil Procedures 6.1.B.

    d. The Designating Party may then file, in accordance with D.C.COLO.LCivR 7.2.D, a motion to restrict access with respect to the Confidential Information filed under seal.

    e. If no motion to restrict access is filed within fourteen (14) days, the access restriction will expire.

13. If any Confidential Information is used in any court filing or proceeding, any party may request the Court to designate hearing or trial testimony or exhibits as Confidential at the time the testimony is elicited or documents are presented, or prior to the witness testimony or designation of exhibits, through agreement of the Parties or by separate motion. The Designating Party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure, including, but not limited to, removal from the courtroom of persons not authorized by this Protective Order to receive Confidential Information.

14. If a party is served with a subpoena or court order or other legal proceeding that compels disclosure of any information or items designated as Confidential Information, it must

promptly notify in writing the Designating Party, with a copy of the legal document, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party, such as redaction, or a protective order sought by the Designating Party at its burden and expense.

15. If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized by this Protective Order, it shall immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copied of the Confidential Information, and inform the persons to whom unauthorized disclosures were made of the terms of this Order.

16. Nothing in this Protective Order shall prejudice the rights of any Designating Party to make use of or disclose to any person any material it has designated as Confidential Information, without prior court order, or to waive the provisions of this Protective Order with respect to any Confidential Information designated by that Party.

17. By joint agreement, the Parties, through their counsel, may agree to any specific disclosure of Confidential Information in a particular circumstance without prejudice to the continuing application of this Order regarding other uses of that Confidential Information.

18. Should any provision of this Protective Order be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

19. No later than thirty (30) days after the final disposition of this case by judgment, appeal, settlement, or otherwise, unless other arrangements are agreed upon, each document and

all copies thereof which have been designated as Confidential Information shall be returned to the Designating Party or destroyed. However, this does not require entities such as El Paso County to destroy any documents that would normally be maintained in their records as part of a case file or required to be kept by law. In addition, all counsel are entitled to retain an archival copy of their case file, under terms subject to this Protective Order, even if such materials contain Confidential Information.

20. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the Confidentiality of Information pursuant to this Protective Order.

21. In the event anyone violates or threatens to violate the terms of this Protective Order, in addition to sanctions and other available remedies, the aggrieved party may immediately apply to obtain injunctive relief against any person violating, or threatening to violate, any of the terms.

22. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

THE FOREGOING PROTECTIVE ORDER IS HEREBY MADE AN ORDER OF THIS COURT.

DONE AND SIGNED THIS 5th DAY OF August, 2013.

BY THE COURT:

MICHAEL J. WATANABE
United States Magistrate Judge

## EXHIBIT A

**In the United States District Court for the District of Colorado Civil Case No. 13-CV-01287-MSK-MJW,** *Doe v. McAfee at al.*

### CONFIDENTIALITY AGREEMENT

I, _____, have read the attached copy of the Stipulated Protective Order in the above-captioned matter and I understand its terms. I recognize that, in connection with my involvement in matters relating to this litigation, I may have occasion to read or hear about documents produced in the lawsuit, or learn of other information, that has been designed Confidential Information. I agree to read, review and use any such Confidential Information solely and exclusively in connection with my participation in this litigation. I agree to abide by the Protective Order in every respect. I agree that I have not and will not divulge, or undertake to divulge to any person or recording device any Information shown or told to me except as authorized in the Stipulated Protective Order. I will not use the Confidential Information for any purpose other than this litigation. I agree to return all copies of such Confidential Information to the disclosing attorney at the conclusion of this litigation, so that the disclosing attorney may return the Confidential Information to the designating party or destroy the Confidential Information. I further consent to the jurisdiction and venue of the Court in which this litigation is pending, with respect to any dispute involving the subject matter of the Confidential Information.

_____
Date

_____
Signature