IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01287-MSK-MJW

JOHN DOE,
JANE DOE,
Y.C., by her parents and next friends,
E.C., by her parents and next friends,
E.S.C., by his parents and next friends, and
J.C., by his parents and next friends,

Plaintiffs,

v.

JOANNA MCAFEE, El Paso County Department of Human Services intake caseworker, individually, and as an agent, employee, and representative of El Paso County,
KATHY TREMAINE, El Paso County Department of Human Services caseworker, individually, and as an agent, employee, and representative of El Paso County,
PATSY HOOVER, El Paso County Department of Human Services supervisor, individually, and as an agent, employee, and representative of El Paso County,
LISA LITTLE, supervisor of the day, El Paso County Department of Human Services supervisor, individually, and as an agent, employee, and representative of El Paso County,
RICHARD BENGTSSON, Executive Director, El Paso County Department of Human Services, individually, and as an agent, employee, and representative of El Paso County,
JEFF GREENE, County Administrator over El Paso County Department of Human Services, individually, and as an agent, employee, and representative of El Paso County,
JOEY HARRIS, Deputy, El Paso County Sheriff's Office, individually, and as an agent, employee, and representative of El Paso County,
JON PRICE, Deputy, El Paso County Sheriff's Office, individually, and as an agent, employee, and representative of El Paso County,
BENJAMIN DEARMONT, Supervisor, El Paso County Sheriff's Office, individually, and as an agent, employee, and representative of El Paso County,
MITCHELL MIHALKO, Deputy, El Paso County Sheriff's Office, individually, and as an agent, employee, and representative of El Paso County,
CHAD HAYNES, Investigator, 4th Judicial District Attorney's Office, individually, and as an agent employee, and representative of the 4th Judicial District Attorney's Office,
RANDY STEVENSON, Deputy Chief Investigator, 4th Judicial District Attorney's Office, individually, and as an agent, employee, and representative of the 4th Judicial District Attorney's Office,
TERRY MAKETA, Sheriff of El Paso County, as an agent, employ, and representative

of El Paso County,
EL PASO COUNTY BOARD OF COUNTY COMMISSIONERS,
JONATHAN HUDSON, Officer, Monument Police Department, individually,
ANDREW ROMANO, Officer, Monument Police Department, individually,

Defendants.

---

**ORDER ON
DEFENDANTS' JOINT MOTION TO STAY DISCOVERY
(Docket No. 47)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 9) issued by Chief Judge Marcia S. Krieger on May 22, 2013.

Now before the court is Defendants' Joint Motion to Stay Discovery (Docket No. 47). The court has carefully considered the subject motion, plaintiffs' response (Docket No. 55), and defendants' reply (Docket No. 61). The court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**I. Background**

Plaintiffs bring this matter pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments. Defendant Hudson and Defendant Romano filed their Motion to Dismiss Third Amended Complaint (Docket No. 52) on September 3, 2013. The remaining defendants (hereinafter the "County Defendants") filed their Motion to Dismiss the Third Amended Complaint (Docket No. 59) on September 13, 2013. All named defendants assert an entitlement to qualified immunity in their

3

individual capacities and contend that plaintiffs fail to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6).  Furthermore, the County Defendants argue qualified immunity is a defense to the municipal liability claims made against Defendant El Paso County.  In the subject motion, defendants request that discovery be stayed pending resolution of the immunity defenses and Rule 12(b)(6) challenges argued in their motions to dismiss.

## II. Analysis

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." Siegert v. Gilley, 500 U.S. 226, 233 (1991) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery." Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals.  See Rome, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  Id. at 643-44.

As stated above, defendants raise qualified immunity as a defense in their pending motions to dismiss.  Plaintiffs sue each of the named County Defendants in their official and individual capacities, and Defendants Hudson and Romano in their individual capacities; however, plaintiffs seek only money damages and do not include a request for injunctive relief in their Third Amended Complaint (Docket No. 45).  The

4

case is still in the early stages of litigation; defendants responded to plaintiffs' operative complaint with the pending motions to dismiss that could fully dispose of plaintiffs' claims before engaging in the discovery process.

A court has broad discretion to stay proceedings as incidental to its power to control its own docket. See Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. See Behrens v. Pelletier, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Considering the relatively early filing of the motions to dismiss premised on qualified immunity and that the suit is filed for money damages only, the court finds that the circumstances evaluated in Rome are inapplicable to the case at hand.

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See String Cheese Incident, 2006 WL 894955, at *2.

A balance of the above factors favors a temporary stay in this matter. Most significantly, the court finds that the interest of plaintiffs to proceed expeditiously is

5

outweighed by the burden on defendants.  The facts of this case are lengthy and complex.  There are a large number of plaintiffs and defendants.  As such, the Scheduling Order (Docket No. 41) sets forth an extensive scope for discovery.  Discovery in this matter is likely to be lengthy, complex, and costly, and therefore the burden on defendants if a stay is not put in place is heavy.

Furthermore, while the court typically discourages stays of discovery, the court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety. See Harris v. United States, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted).  "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Finally, the court finds that neither the interests of non-parties nor the public interest greatly favor one side.  In addition, the court finds that a partial stay, as suggested by plaintiffs, would not alter the above analysis to the degree necessary to justify a different conclusion.

6

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Joint Motion to Stay Discovery (Docket No. 47) is **GRANTED.** Discovery as to all defendants is **STAYED** pending resolution of the pending motions to dismiss (Docket Nos. 52 & 59). The parties shall file a joint status report within three business days of receiving a ruling on the motions to dismiss indicating what amendments to the Scheduling Order, if any, are needed.

Date:  October 8, 2013        s/ Michael J. Watanabe
       Denver, Colorado       Michael J. Watanabe
                              United States Magistrate Judge