IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01287-MSK-MJW

JOHN DOE,
JANE DOE,
E.C., by her parents and next friends,
E.S.C., by his parents and next friends, and
J.C., by his parents and next friends,

Plaintiffs,

v.

JOANNA MCAFEE,
LISA LITTLE,
JOEY HARRIS,
MITCHELL MIHALKO, and
CHAD HAYNES,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion for Reconsideration of Order Granting Defendant's Motion to Compel **(Docket No. 118)** is **DENIED** for the following reasons.

First, the Court notes that Plaintiffs concurrently filed an objection under Fed. R. Civ. P. 72(a) relating to the same order. (Docket No. 119.) (CM/ECF's time stamps show that the objection was filed 12 minutes after the motion for reconsideration.) The objection and the motion for reconsideration are duplicative.

Second, the Court sees no sufficient grounds for reconsideration. The Does argue that the facts have changed inasmuch as they "have decided to drop their portion of this lawsuit rather than be compelled to enter the state for a deposition where they believe the risk of further retaliation is very real." (Docket No. 118, p.2.) But no Rule 41(a) motion has been filed to dismiss the Doe plaintiffs, so this supposed change in facts does not actually exist yet. Moreover, throughout their motion, the Doe plaintiffs suggest that they'd really prefer not to take this step, thereby suggesting that they intend <u>not</u> to do so if the motion for reconsideration is granted. (*See e.g.*, Docket No. 118 p.6 ("manifest justice will occur <u>if</u> John and Jain Doe are required to choose" (emphasis added)).) Finally, the Doe plaintiffs would remain critical fact witnesses (and

the prosecuting next friends) for the claims brought by their teen-age children, and would therefore almost certainly need to be deposed anyway.  Thus, this purported change in facts would not make a material difference.

Third, the Doe plaintiffs suggest that the facts have changed, and now warrant a different result, because the defendants have noticed depositions for the three teen-age plaintiffs (thereby allegedly raising the risk of harassment).  These depositions are the subject of plaintiffs' Motion for Protective Order (Docket No. 117), and the Court believes the attendant risks are more appropriately addressed in the context of that motion.  The parties are hereby **ORDERED** to brief plaintiffs' Motion for Protective Order (Docket No. 117) in accordance with D.C.COLO.LCivR 7.1(d).

Date: May 7, 2015