IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01287-MSK-MJW

JOHN DOE,
JANE DOE,
E.C., by her parents and next friends,
E.S.C., by his parents and next friends, and
J.C., by his parents and next friends,

Plaintiffs,

v.

JOANNA MCAFEE,
LISA LITTLE,
JOEY HARRIS,
MITCHELL MIHALKO, and
CHAD HAYNES,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

**It is hereby ORDERED that Defendants' Motion to Compel Plaintiffs to Comply with Discovery (Docket No. 115) is GRANTED, for the following reasons. It is further ORDERED that Plaintiffs' Motion for Protective Order (Docket No. 117) is DENIED, for the following reasons.**

As to Defendants' motion to compel (Docket No. 115), the Court views the subparts of the objected-to interrogatories as factually and logically related to and subsumed within the primary question. *See Rodriquez v. Chavez*, No. 12-cv-01071-PAB-MJW, 2013 WL 1444183, at *1 (D. Colo. Apr. 9, 2013) (describing *Kendall* test for interrogatories). For example, interrogatory 7 (the request Plaintiffs highlight first as an objectionable multi-part request) asks whether the responding plaintiff has been treated for mental health or substance-abuse disorders, and asks as sub-parts for the responding plaintiff to identify the source of such treatment and to summarize the purpose and result of such treatment. This is a classic example of a legitimate subpart rather than a new topic. *See Kendall v. GEX Exposition Servs., Inc.*, 174 F.R.D. 684, 686 (D. Nev. 1997) (describing interrogatory no. 10, asking for disciplinary incidents, descriptions of the incidents, and identities of disciplining officers as example of "interrogatories with legitimate subparts which are subsumed in the primary question").

Accordingly, the Court finds that Defendants did not exhaust their allotted number of interrogatories with their first set of interrogatories and are therefore entitled to answers to their second set of interrogatories. It is ORDERED that Plaintiffs shall serve such answers on Defendants **ON OR BEFORE JUNE 8, 2015.**

As to Plaintiffs' motion for protective order (Docket No. 117), while it is appropriate to take a plaintiff's deposition outside the forum state where extreme hardship is present—usually in the form of cost or inconvenience—Plaintiffs have not established any unusual hardship in this case. *See Srebnik v. Dean*, Case No. 05-cv-01086-WYD-MJW, 2006 WL 2331014 (D. Colo. June 20, 2006). Specifically, Plaintiffs make no argument as to cost or inconvenience. To the contrary, Plaintiffs have offered to pay Defendants' costs to travel to remote depositions, suggesting that cost is not part of their concern here; and Plaintiffs have refused to identify their state of residence, offering instead to take depositions in a "neutral" location, suggesting that convenience is also not a part of their concern here.

Instead, Plaintiffs argue only that the teenage plaintiffs—currently ages 14, 15, and 16—will be traumatized by coming to Colorado for depositions, because Colorado was the location of the injurious conduct alleged in this lawsuit. Plaintiffs cite two cases where depositions were limited to protect child deponents. One case, *Hunt v. Green*, is unpublished and no copy was provided to the Court. In the other case, *Buchner v. Richardson Hospiital Authority*, 160 F.R.D. 88 (N.D. Tex. 1994), the teenage deponent was the victim of sexual abuse at the hands of the deposing defendant's employee; without discounting the alleged conduct at issue in this case, the Court finds that it simply does not raise the same degree of concern. The Court does not find that Plaintiffs have established any reasonable basis for concern as to trauma merely from visiting Colorado for depositions, and the Court therefore will not order that the depositions take place in Clemson, South Carolina.

Further, although Plaintiffs have asked for a delay so that a psychological examinations can take place before the depositions, it appears that the parties have already agreed to take depositions in the second half of June (two or three weeks after the scheduled examinations). Accordingly, this portion of the motion is denied as moot.

Finally, it is further ORDERED that each party shall pay its own attorneys' fees and costs as to Defendants' motion to compel (Docket No. 115) and Plaintiffs' motion for protective order (Docket No. 117), because the Court finds that an award of fees or costs would be unjust under the circumstances

Date: May 18, 2015