IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01287-MSK-MJW

JOHN DOE,
JANE DOE,
E.C., by her parents and next friends,
E.S.C., by his parents and next friends, and
J.C., by his parents and next friends,

Plaintiffs,

v.

JOANNA MCAFEE,
LISA LITTLE,
JOEY HARRIS,
MITCHELL MIHALKO, and
CHAD HAYNES,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiffs' Motion to Stay Directed at Magistrate Judge Watanabe Pursuant to D.C.COLO.LCivR 30.2(b) (**Docket No. 149**) is **DENIED**.

"A stay of a magistrate judge's discovery order should be granted sparingly." *HEI Res. E. OMG Joint Venture v. S. Lavon Evans, Jr. Operating Trust*, No. 09-cv-00028-MWK-BNB, 2009 WL 250364, at *1 (D. Colo. Feb. 3, 2009). To do otherwise would undermine the efficiency interests underlying the order of referral in the first place. *Id.* "A stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay." *Id.* at *2. Factors that may be relevant are:

> (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest.

*COPIC Ins. Co. v. Wells Fargo Bank, N.A.*, Case No. 09-cv-00041-WDM-BNB, 2010 WL 935646, at *2 (D. Colo. Mar. 11, 2010); *see also Republic of Ecuador v. Bjorkman*, 801 F. Supp. 2d 1121, 1126–27 (D. Colo. 2011) (applying similar standards for appellate

stays from *Nken v. Holder*, 556 U.S. 418, 425–26 (2009), to request for stay during objections to district judge of magistrate's order); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (establishing similar factors for general stay of discovery).

Here, the Court finds that the third factor weighs in Plaintiffs' favor. There are three months remaining before the discovery cut-off, and this motion concerns only one portion of the discovery process. There would be little real prejudice to Defendants from postponing the depositions until after Chief Judge Krieger rules on Plaintiffs' Rule 72 objections. But the other three factors cut in the other direction. The Court does not see any strong likelihood of success on the objections. The only purported irreparable harm is the same harm that Plaintiffs have asserted as to the underlying motions, and that the Court has found insufficient in that context. Finally, the Court cannot discern any harm to the public interest from allowing the depositions to proceed in Colorado as ordered. Accordingly, considering the four factors together, the Court cannot conclude that "there is a serious issue about the propriety of the ruling and [] a failure to render a stay could result in serious, irreversible injury to the party seeking the stay."

Date: June 3, 2015