IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01287-MSK-MJW

JOHN DOE,
JANE DOE,
E.C., by her parents and next friends,
E.S.C., by his parents and next friends, and
J.C., by his parents and next friends,

Plaintiffs,

v.

JOANNA MCAFEE,
LISA LITTLE,
JOEY HARRIS,
MITCHELL MIHALKO, and
CHAD HAYNES,

Defendants.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED that** Defendants' Motion for Independent Mental Examination Pursuant to Fed. R. Civ. P. 35 **(Docket No. 136) is DENIED**, and that Defendants' Motion to Compel Plaintiffs John and Jane Doe to Produce Therapy Records **(Docket No. 153) is GRANTED**, for the following reasons.

Plaintiffs John and Jane Doe, as opposed to their children, bring garden-variety claims for emotional distress. In the operative complaint, they pray for compensation for "pain and suffering" as well as economic losses; in their discovery responses, they rephrase to state "emotional and psychological distress," but assert no specific psychological condition and make clear that they intend the phrase to mean nothing more than "pain and suffering." This is the very definition of "garden variety" claims.

Under the well-established precedent of this district, such garden-variety claims for emotional distress (1) are sufficient to waive the *Jaffee v. Redmond*, 518 U.S. 1 (1996), privilege for confidential psychotherapist-patient communications, but (2) are *not* sufficient to place the plaintiffs' mental health at issue for purposes of Rule 35 independent medical examinations. *LeFave v. Symbios, Inc.*, 2000 WL 1644154 (D. Colo. Apr. 14, 2000); *Fox v. Gates Corp.*, 179 F.R.D. 303 (D. Colo. 1998) (citing *Dixon*

*v. City of Lawton*, 898 F.2d 1443 (10th Cir. 1990), and concluding that its waiver standards continue to apply post-*Jaffee*).

To prevail on the Rule 35 motion (Docket No. 136), Defendants cite cases involving allegations of actual, diagnosable psychological conditions.  *See, e.g.*, *Simpson v. Univ. of Colo.*, 220 F.R.D. 354 (D. Colo. 2004) (PTSD allegedly caused by defendants' conduct).  Such is not the case here.  In fact, Defendants do not argue that simple garden-variety allegations are sufficient for Rule 35; rather, Defendants argue that this case presents something more than garden-variety allegations.  Defendants are wrong, as to John and Jane Doe at least, and their Rule 35 motion is therefore denied.

To defeat the *Jaffee* motion (Docket No. 153), Plaintiffs argue that because their mental-health allegations aren't sufficient to be "in controversy" for purposes of Rule 35, they likewise aren't sufficient to be "at issue" for purposes of waiving privileges.  Plaintiffs' argument is flatly contrary to the binding precedent of this district.  *Fox, supra*.  Defendants' *Jaffee* motion is therefore granted.

It is further **ORDERED** that:

- Plaintiffs John Doe and Jane Doe shall execute waivers for the disclosure of Cameron Lorenc's and Craig Cato's therapy records on or before July 2, 2015; and

- Defendants' request for attorneys fees and costs incurred in bringing their *Jaffee* motion is denied under Rule 37(d)(3), finding that an award of expenses would be unjust under the circumstances.

Date: June 23, 2015